UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO: 11-539-SJD-JGW

**HARRISON LOFTON**                                                                           **PLAINTIFF**

**V.**

**MATT CUCKLER**                                                                              **DEFENDANT**

### REPORT AND RECOMMENDATION[1]

Pending before the Court is pro se plaintiff's motion for default judgment. Doc. 6. For the following reasons, I recommend that the motion be denied.

On August 10, 2011, the Clerk of Court filed plaintiff's motion to proceed in forma pauperis in this civil rights action. Doc. 1. On August 15, 2011, United States Magistrate Judge Karen Litkovitz entered an order granting plaintiff's motion to proceed in forma pauperis [ Doc. 2] and a separate order requiring the United States Marshal to serve defendant with a copy of the complaint. Doc. 4. On August 17, 2011, plaintiff's motion for default judgment was filed.[2] Doc. 6.

The one-page motion states that "defendant has failed to answer summons to Complaint served upon defendant, by the U.S. Marshal, on August 9th, of 2011, within specified time period of twenty days." Doc. 6. Though plaintiff signed the complaint on August 5, 2011, it was not received by the Clerk of Court until August 9, 2011. Doc. 1-1, p.1.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The handwritten motion does not specify the date it was signed by plaintiff and placed in the prison mail system.

1

Generally, a defendant has twenty-one days after being served with a complaint to serve an answer. Fed.R.Civ.P. 12(a)(1)(A)(i). Plaintiff has not shown that defendant was served with the complaint more than twenty-one days prior to the filing of the motion for default judgment. Indeed, plaintiff cannot make such a showing as the motion for default judgment was filed only twelve days after plaintiff signed his complaint, and only two days after Judge Litkovitz ordered the United States Marshal to effectuate service on defendant. There is nothing in the record to support plaintiff's claim that service was effectuated on defendant on August 9, 2011. Indeed, Judge Litkovitz did not issue an order requiring defendant to be served until August 15, 2011. Even if defendant had been served on August 9, 2011 as plaintiff alleges, defendant would not have been in default on August 17, 2011 when the motion for default judgment was filed. Plaintiff has not shown that defendant is in default and the meritless motion for default judgment should be denied.

For the foregoing reasons, it is **RECOMMENDED**:

Plaintiff's motion for default judgment [Doc. 6] should be **denied**.

This the 16th day of September, 2011.      s/ J. Gregory Wehrman
    J. Gregory Wehrman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO: 11-539-SJD-JGW**

**HARRISON LOFTON**                                                             **PLAINTIFF**

**V.**

**MATT CUCKLER**                                                           **DEFENDANT**

**NOTICE**

       Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).