UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO: 11-539-SJD-JGW

HARRISON LOFTON                          PLAINTIFF

V.

MATT CUCKLER                          DEFENDANT

**REPORT AND RECOMMENDATION[1]**

Pending before the Court is defendant's motion for judgment on the pleadings. Doc. 23. For the following reasons, I recommend that the motion be granted as to plaintiff's retaliation claim. After reviewing the record and applicable law, I recommend that the Court sua sponte dismiss plaintiff's Eighth Amendment claim.

**I. Factual and Procedural History**

Pro se plaintiff brought this action against defendant Matt Cuckler, a corrections officer at the facility where plaintiff was formerly incarcerated. Plaintiff's complaint alleges that defendant called plaintiff a profane name in the inmate dining room in early May 2011, after which plaintiff filed an informal complaint against defendant. According to the complaint in this action, in the inmate dining room approximately three weeks later defendant demanded that plaintiff give him (defendant) his (plaintiff's) tray of food. Plaintiff alleges he complied with defendant's request but defendant nonetheless wrote a frivolous conduct report accusing plaintiff of stealing and disobeying an order. Plaintiff was found not guilty of the charges contained in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

defendant's conduct report. Plaintiff then initiated an inmate grievance against defendant, accusing defendant of having retaliated against plaintiff for filing the prior informal conduct report. Plaintiff's inmate grievance did not result in any adverse action being taken against defendant. In August 2011, plaintiff filed this pro se action accusing defendant of retaliation and of violating the Eighth Amendment. Defendant filed this motion for judgment on the pleadings on March 23, 2012. Doc. 23. Plaintiff has not filed a response and the time for doing so under LR 7.2(a) has elapsed.

## II. Analysis

### A. Standard of Review

Fed.R.Civ.P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." When ruling on a motion for judgment on the pleadings "'all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). However, a court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Winget*, 510 F.3d at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). A court should grant a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) only if "'no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)). To survive a motion for judgment on the pleadings, a plaintiff's complaint "'must contain direct or

inferential allegations respecting all the material elements under some viable legal theory.'" *McGath v. Hamilton Local School Dist.*, 2012 WL 262336, at *3 (S.D.Ohio Jan. 30, 2012) (quoting *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)).

  In resolving a motion for judgment on the pleadings, a court considers the entire pleadings, "which consist of the complaint, the answer, and any written instruments attached as exhibits." *McGath*, 2012 WL 262336, at *3. A court may also consider public records, court orders, items appearing in the record of the case and exhibits attached to the complaint. *Id.* However, Fed.R.Civ.P. 12(d) provides that if matters outside the pleadings are presented to, and not excluded by, the Court then a motion for judgment on the pleadings is converted to a motion for summary judgment and the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Sixth Circuit has made plain that a motion for judgment on the pleadings is converted into a summary judgment motion if the Court does not specifically exclude any matters outside the pleadings which are presented by the parties, regardless of whether the Court actually relies upon the outside materials. *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006) ("In our view, Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence. . . . We therefore disagree with those

cases that require the district court to further consider or rely upon these outside matters before the obligation to convert is triggered; the plain language of Rule 12(c) does not require these additional steps; it only requires the presentation of matters outside the pleadings and the district court's failure to exclude such matters.").

In the case at hand, defendant relies upon documents submitted by plaintiff to support the motion for judgment on the pleadings. Specifically, defendant refers to copies of the informal prison complaints filed by plaintiff against defendant, the conduct report submitted by defendant charging plaintiff with stealing and disobeying a direct order, and the documents setting forth the disposition of those complaints. The Court has not excluded those documents from evidence. However, the documents are referred to in the complaint and are integral to plaintiff's causes of action. Accordingly, I conclude that consideration of those materials does not require conversion of the motion for judgment on the pleadings to a motion for summary judgment.[2]

### B. Defendant Entitled to Judgment on Plaintiff's Retaliation Claim

Plaintiff's main cause of action is for retaliation. "A retaliation claim essentially entails

---

[2]Even if the motion for judgment on the pleadings were converted to a motion for summary judgment, the proper resolution of this case would not be altered, nor would the conversion necessitate a delay. There is no indication that plaintiff would need any additional discovery to controvert the arguments contained in defendant's motion. Moreover, the fourteen days allotted for objections to this report and recommendation provides the parties notice that defendant's motion for judgment on the pleadings could be construed as a motion for summary judgment. *See, e.g., Target Strike, Inc. v. Marston & Marston, Inc.*, 2011 WL 3666584, at *3 (W.D.Tex. Aug. 19, 2011) ("To the extent, Target Strike may complain about the lack of notice that the district judge will consider summary judgment for the reasons discussed in this report, Target Strike should consider this report as notice and exercise its right under 28 U.S.C. § 636(b)(1).") (footnote omitted). In short, defendant is entitled to judgment in its favor even if the presiding district judge ultimately decides to convert the motion for judgment on the pleadings to a motion for summary judgment.

three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Defendant contends plaintiff has not satisfied the adverse action element. I agree.

The issue of whether an alleged retaliatory act "poses a sufficient deterrent threat to be actionable" is a question of fact which "in most cases . . . will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). "Thus, unless the claimed retaliatory action is truly inconsequential, the plaintiff's claim should go to the jury." *Id.* (internal quotation marks omitted). Nonetheless, "some adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries." *Id.* "The factual question is whether the injury inflicted is so slight that it could not reasonably be expected to deter protected conduct. The standard is not intended to foreclose relief to all but the superfirm plaintiffs, who are willing and able to persist in their suits in the face of retaliatory actions that would cause most plaintiffs to crumple. Rather, the purpose of the standard is to avoid trivializing the First Amendment by eliminating suits based upon insignificant acts of retaliation." *Id.* at 606.

Another division of this Court has already concluded in a case involving similar facts that the prisoner plaintiff had not suffered an adverse action sufficient to support a retaliation claim. *See Kynwulf v. Warth*, 2009 WL 3855383 (S.D.Ohio Nov. 17, 2009). In *Kynwulf*, a corrections officer refused to permit an inmate to take a phone call with the inmate's attorney, whereupon the inmate contacted the captain's office. Ultimately, the inmate was able to take the phone call.

5

*Id.* at *1. The corrections officer wrote a conduct report accusing the inmate of disobeying a direct order. Shortly thereafter a hearing was held on the conduct report, after which the inmate was found not guilty and no punishment was imposed upon the inmate. *Id.* at *2. The inmate filed a suit against the corrections officer, accusing the officer of retaliating against the inmate for going over the officer's head by speaking to the captain's office in order to take the telephone call. *Id.* at*1. The corrections officer moved for summary judgment and the Court granted the motion, holding in relevant part that:

> Where there is no indication that Plaintiff was deterred at all by the conduct report from continuing to engage in protected conduct, and Plaintiff suffered no other adverse consequences from the report, Plaintiff cannot demonstrate an "adverse action" against him sufficient to support a retaliation claim. The Court does not find that bringing conduct charges against Plaintiff was a de minimis imposition. However, the apparently undisputed nature of Plaintiff's conduct toward Defendant and Plaintiff's subsequent acquittal of the disobedience charge show that the conduct report cannot reasonably support a claim that he was subjected to an adverse action because of engaging in protected conduct. Because Plaintiff cannot meet this element of a retaliation claim, Defendant is entitled to summary judgment on Plaintiff's claim of retaliation.

*Id.* at *4.

Likewise, in the case at hand plaintiff was quickly found not guilty of the misconduct alleged in the conduct report filed by defendant. The facts and legal arguments in *Kynwulf* are quite similar to the case at hand and plaintiff has offered nothing to show why this case is distinguishable from, or should have a different outcome than, *Kynwulf*.[3] Accordingly, I recommend that defendant be granted judgment on the pleadings as to plaintiff's retaliation

---

[3]The fact that *Kynwulf* involved a motion for summary judgment and the case at hand involves a motion for judgment on the pleadings does not alter my conclusion that the overarching holding in *Kynwulf* regarding a de minimis adverse action should be applied to the case at hand.

claim.

### C. Plaintiff's Eighth Amendment Claims Should Be *Sua Sponte* Dismissed

Though not mentioned in defendant's motion for judgment on the pleadings, plaintiff's complaint also purports to contain an Eighth Amendment claim. In its entirety, plaintiff's Eighth Amendment claim is that defendant's "deliberate indifferate [sic] to plaintiff's safety and security, while plaintiff Lofton being in the custody of the Ohio Department of Rehabilitation and Corrections. [sic] Violated Plaintiff's rights and constituted Cruel and Unusual Punishment, [sic] under the Eighth Amendment of the United States Constitution." Doc. 3, p.10.

The precise contours of plaintiff's Eighth Amendment claim are unclear because the complaint does not adequately set forth what acts of defendant were so egregious as to violate the Eighth Amendment. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Legal conclusions "couched as factual allegations" are insufficient to survive a motion to dismiss. *Center v. Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. In other words, "[m]erely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient." *Patterson v. Novartis Pharmaceuticals Corp.*, 2011 WL 3701884, at *1 (6th Cir. Aug. 23, 2011). Plaintiff's vague and generic Eighth Amendment claims are insufficient under *Iqbal*.

Even if the Eighth Amendment claim survives initial review under *Iqbal*, dismissal is

proper because plaintiff has not sufficiently pled facts to support an Eighth Amendment claim. "To raise a cognizable constitutional claim for deliberate indifference to an inmate's safety, an inmate must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011).  Viewing the evidence in the light most favorable to plaintiff, the complaint does not demonstrate that the alleged mistreatment by defendant (filing a conduct report, for which plaintiff received no punishment) was objectively serious.  *Id.* ("To establish a constitutional violation based on failure to protect, a prison inmate first must show that the failure to protect from risk of harm is objectively sufficiently serious.") (internal quotation marks omitted).  Because plaintiff has not met his burden to allege facts sufficient to make a plausible claim that defendant's acts violated the Eighth Amendment, plaintiff's frivolous Eighth Amendment claims should sua sponte be dismissed.[4]

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED:**

Defendant's motion for judgment on the pleadings [Doc. 23] should be **granted** as to plaintiff's retaliation claim and the Court should sua sponte dismiss plaintiff's Eighth

---

[4]Because plaintiff is a prisoner proceeding in forma pauperis, once the Court determines that the complaint is frivolous the Court "is not required to allow a plaintiff to amend his complaint prior to dismissal." *Carter v. Tucker*, 69 Fed.Appx. 678, 679 (6th Cir. 2003).  In addition, the fourteen days permitted for filing objections to this report and recommendation affords plaintiff an opportunity to demonstrate to the presiding district judge why the Eighth Amendment claims should not be dismissed.

Amendment claim.

    Date: April 27, 2012                             /s J. Gregory Wehrman
                                                      J. Gregory Wehrman
                                                      United States Magistrate Judge


# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### AT CINCINNATI
### CIVIL CASE NO: 11-539-SJD-JGW

**HARRISON LOFTON**             **PLAINTIFF**

**V.**

**MATT CUCKLER**             **DEFENDANT**

**NOTICE**

Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).